UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
THERESA M. PASSMORE, :
: CASE NO. 1:11-CV-01347
Plaintiff, :
:
vs. : ORDER
: [Resolving Doc. Nos. 34, 35]
DISCOVER BANK *et al.* :
:
Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Theresa Passmore moves to remand this debt collection action to state court, [Doc. 34], and moves to vacate the Court's earlier Order compelling arbitration. [Doc. 35.] Because the case was properly removed by a realigned defendant, the Court **DENIES** both motions.

I.

Defendant Discover Bank originally filed this lawsuit as a debt collection action in the Lake County Court of Common Pleas. [Doc. 1-1 at 1.] Passmore, the alleged debtor, counterclaimed and alleged violations of the Federal Debt Collection Practice Act (FDCPA) and the Ohio Consumer Protection Act, as well as fraud, abuse of process, defamation, and civil conspiracy. [Doc. 1-1 at 19.] Discover Bank dismissed its original claims, and the state court realigned the parties to reflect the parties' litigation postures, captioning Passmore as the Plaintiff and Discover as the Defendant. The court ordered Passmore to redesignate her claims by way of a new Complaint within thirty days.

-1-

Case No. 1:11-CV-01347
Gwin, J.

Rather than complying with the state court's order, however, Passmore moved for reconsideration of the parties' realignment on the twenty-ninth day. The Defendants removed this action on June 30, 2011, the thirtieth day, and moved this Court to compel arbitration. [Doc. 8.] On October 26, 2011, this Court denied Passmore's request to reconsider and granted Discover's motion to compel arbitration. [Doc. 33.]

Despite the Court's Order, the parties did not proceed to arbitration. Rather, just as she did in state court, Passmore sought late-hour reconsideration. She filed the instant motions on May 24, 2012, over six months after she should have arbitrated her claims, seeking to vacate the Court's October 26, 2011, Order and remand the case to the Lake County Court of Common Pleas.

II.

Passmore says that the Court lacks subject matter jurisdiction over this case because she never filed an amended complaint in state court before the case was removed, leaving this Court without a complaint upon which to test its jurisdiction. The argument fails.

When a state court realigns parties, the realigned defendant can properly remove an action to federal court. *Hrivnak v. NCO Portfolio Mgmt.*, 723 F. Supp. 2d 1020, 1028 (N.D. Ohio 2010). The Court explained as much in its earlier Order. [Doc. 33.] Passmore all but ignored *Hrivnak* in her earlier motion papers. Now she makes *Hrivnak* the centerpiece of her motion, saying that the case carries no weight because she, unlike the removal plaintiff in *Hrivnak*, never actually filed a redesignated complaint in state court. But Passmore's failure to refile her counterclaims on a recaptioned document hardly renders her claims suddenly unknowable, and certainly does not render the action unremovable. *Stewart v. Bureaus Ins. Grp. #1*, No. 3:10-CV-1019, 2011 WL 2313213, at *3 (M.D. Ala. June 10, 2011) (finding removal proper, despite realigned plaintiff's failure to file

-2-

Case No. 1:11-CV-01347
Gwin, J.

a newly captioned complaint, because it was "implicit within the state court's Order of Realignment that the countercomplaint would be treated thenceforth as a complaint.").

Passmore further says that even if removal of the FDCPA claims was proper, her state-law claims should be severed. But all of her claims arise from the same set of facts and the Court properly exercises supplemental jurisdiction here. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004).

### III.

For the foregoing reasons, the Court **DENIES** Passmore's Motions. Passmore's dilatory tactics began with her failure to file an amended complaint in state court. They continue now, six months after she was ordered to arbitrate her claims, with her suggestion that the unfiled complaint provides a jurisdictional excuse for her noncompliance with the Court's October 26, 2011, Order. The effort is unavailing. This case has been ordered to proceed to arbitration and there remains no reason it should remain on the Court's docket. Passmore is directed to initiate arbitration proceedings by June 29, 2012 and the case is **DISMISSED** without prejudice.

IT IS SO ORDERED.

Dated: June 14, 2012              s/ *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE