UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                              :
THERESA M. PASSMORE,                          :
                                              :     CASE NO. 1:11-CV-01347
            Plaintiff,                        :
                                              :
vs.                                           :     ORDER
                                              :     [Resolving Docs. 44 & 46]
DISCOVER BANK *et al.*,                       :
                                              :
            Defendants.                       :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this purported class action concerning alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), Defendants' Discover Bank, Yale Levy, and Levy & Associates move the Court to confirm an arbitration award in their favor.[1] Plaintiff Theresa Passmore opposes the motion[2] and also moves the Court to reconsider the Court's prior orders compelling arbitration.[3] Passmore says the Court did not have jurisdiction to order arbitration.

Defendant Discover Bank was originally a state court plaintiff in this case against Passmore.[4] After Passmore counterclaimed against Discover, Levy, and Levy & Associates, Discover dismissed its original claim, and the Levy Defendants moved the state court to realign the parties to make Passmore the plaintiff.[5] The state court granted the motion to realign.[6]

After that realignment, Defendants removed the case to this Court, and this Court accepted

---

[1] *See* Doc. 44.
[2] *See* Doc. 45.
[3] *See* Doc. 46.
[4] *See* Doc. 1-1 at 1-3.
[5] *See* Doc. 1-2 at 41 (notice of dismissal; Doc. 1-4 at 1-6 (motion to realign).
[6] *See* Doc. 1-7 at 13-14.

Case No. 1:11-CV-01347
Gwin, J.

jurisdiction.[7] The Court then granted reconsideration of a motion to compel arbitration and stayed the action pending the outcome of the arbitration proceeding.[8]

However, after the Court ordered arbitration, the Ohio Court of Appeals declared that "the civil rules provide no authority for" a trial court to realign parties.[9] Therefore, the Ohio Court undercut this Court's reason to accept jurisdiction, so the Court should not have accepted removal jurisdiction.

In moving to reopen the case, Passmore is somewhat unclear whether she seeks to vacate the earlier ruling or seeks to reconsider this Court's earlier ruling finding jurisdiction. It does not matter.

A party cannot consent to subject matter jurisdiction, and a party can raise a challenge to subject matter jurisdiction at any time.[10] Therefore, in light of Defendants' request that the Court reopen the matter and of the fact that removal was indeed improper, the Court takes this opportunity to correct its previous error.

Removal of this case was improper. Therefore, the Court lacked jurisdiction to enter any order in this case. The Court **GRANTS** the motion to reconsider and **VACATES** all orders issued after removal.

Some jurisdiction arguably exists to confirm the arbitration award under the Federal Arbitration Act.[11]

---

[7] *See* Doc. 1 (notice of removal); Doc. 33 (order denying remand).

[8] *See* Doc. 33.

[9] *State ex rel. Caszatt v. Gibson*, 2013-Ohio-213, at ¶ 37 (Ct. App.).

[10] *See United States v. McGaughy*, 670 F.3d 1149, 1155 (10th Cir. 2012) (subject matter jurisdiction challenges can be first raised on appeal); *Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 969 (9th Cir. 2009) ("An objection that a federal court lacks subject matter jurisdiction may be raised at any time, even after trial and the entry of judgment.").

[11] *See Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 583 (2008) (stating that a federal court may have jurisdiction to compel arbitration, confirm an award, or vacate an award under the Federal Arbitration Act if there is an independent basis for federal jurisdiction).

Case No. 1:11-CV-01347
Gwin, J.

However, "[w]here there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction."[12] The state courts have jurisdiction to consider FDCPA claims.[13]

And, doubts exist about the propriety of federal jurisdiction. First, because realignment was improper, the arbitration concerns a federal law counterclaim, and counterclaims are not removable to federal court.[14]

Second, the most recent, valid order concerning the arbitration agreement was the state court's determination that no valid arbitration agreement exists. For the Court to accept the case and confirm the award as Defendants request, the Court would cast doubt on the state court's factual determination.[15]

For these reasons, the Court finds that the better approach is to deny the motion to confirm the award and direct Defendants (or Plaintiff) to file the appropriate motions in the state courts.

The Court **DENIES** the motion to confirm the arbitration award.

IT IS SO ORDERED.

Dated: July 15, 2014                           s/     *James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

---

[12] *Walsh v. Am. Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D. Ky. 1967).

[13] 15 U.S.C. § 1692k(d).

[14] *See Capital One Bank (USA) N.A. v. Jones*, 710 F. Supp. 2d 630, 632 (N.D. Ohio 2010).

[15] *Cf. Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 423 (2010) ("Statutes conferring federal jurisdiction, we have repeatedly cautioned, should be read with sensitivity to federal-state relations and wise judicial administration." (internal quotations omitted)).